FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2012 MAR -5 PM 2:37

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| **OHIO LEGAL RIGHTS SERVICE** | : | Case No.: |
| Plaintiff, | : | Judge: **2:12 cv 196** |
| | : | **JUDGE FROST** |
| vs. | : | Magistrate Judge: |
| | : | **MAGISTRATE JUDGE DEAVERS** |
| **COLUMBUS CITY SCHOOLS** | : | Complaint for Declaratory And Injunctive Relief |
| Defendant. | : | |

## I. NATURE OF THE ACTION

1. This action seeks declaratory and injunctive relief against Defendant Columbus City Schools ("CCS") because of its refusal to provide Plaintiff Ohio Legal Rights Service ("Plaintiff") with access to the records of students with disabilities who have been subjected to restraint and/or seclusion by CCS' staff.

2. Plaintiff initiated a district-wide investigation of abuse, neglect and/or significant rights' violations after the parent and guardian of a CCS student filed a complaint with Plaintiff regarding CCS' application of seclusion to her son.

3. Plaintiff is the protection and advocacy system created by Congress and the Ohio General Assembly to protect and advocate the rights of people with developmental and other disabilities and, pursuant to state and federal law, has access to the records it has requested.

## II. JURISDICTION AND VENUE

4. This court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant resides in this district and the events or omissions giving rise to Plaintiff's Complaint occurred in this district.

### III. PARTIES

6. Plaintiff is an agency of the state of Ohio and is chartered by statute at R.C. § 5123.60.

7. Plaintiff is designated by the Governor of the State of Ohio as the protection and advocacy system (hereinafter "system") for individuals with developmental disabilities pursuant to the Developmental Disabilities Assistance and Bill of Rights Act (hereinafter "DD Act"), 42 U.S.C. §§ 15041 *et seq.*

8. Plaintiff is obligated by federal and state law to protect and advocate the rights of individuals with developmental disabilities and has the authority to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of and advocacy for, the rights of those individuals, and also to investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred. See 42 U.S.C. §§ 15043(2)(A)(i),(b), *et seq.*; R.C. § 5123.60(A).

9. Defendant is a public school district located in Franklin County, Ohio.

10. Defendant receives state and federal funds to provide appropriate educational services to students with disabilities, including students with cognitive deficits, who are also eligible for Plaintiff's services under the DD Act.

### IV. FACTS

11. In November, 2011, a parent and guardian of an eighteen year old student who was being educated in a CCS high school contacted Plaintiff to file a complaint because, on more

than one occasion, her son, who has autism, had been placed in a seclusion room located within the school.

12. The parent alleged that her son had urinated in the room, was lying on the floor, and contracted a staph infection.

13. The parent also alleged that the room was a 'closet' with no windows and that her son was afraid of the room and afraid to return to the school. She requested that Plaintiff initiate an investigation regarding the use of this room.

14. On November 28, 2011, Plaintiff's investigator visited the student's school and observed the seclusion room.

15. The seclusion room observed by the investigator was a padded room with a metal door that had two peep holes and a foot latch lock.

16. The investigator met with Defendant's Chief Officer of Student Support Services, Dr. Mary Ey, and made a request for documents and information, including the names and locations of schools in CCS that have seclusion/time out rooms with doors that can be used to prevent a student from leaving and the names and contact information for all students who have been placed in these rooms during the current school year.

17. Dr. Ey requested a written explanation of Plaintiff's authority to access records and other information related to Plaintiff's investigation of a complaint it received regarding the use of these rooms.

18. Plaintiff sent a letter to Defendants' attorneys on December 27, 2011 that explained the legal and factual basis for Plaintiff's investigative and access authority.

19. In this letter, Plaintiff requested copies of the following documents within three business days of the letter: a) the names and locations of schools in Columbus City Schools that

have seclusion/time out rooms with doors that can be used to prevent a student from leaving; b) the names and contact information for all students who have been placed in these rooms during the current school year; c) all records and reports relating to investigations of the use of these rooms from January 1, 2011 to the present; d) all records relating to complaints, including section 504, IDEA, and due process requests that involve allegations relating to the use of these rooms, from January 1, 2011 to the present; e) copies of procedures referenced in Dr. Ey's email to the investigator, dated November 29, 2011; f) policies and protocols regarding the use of such rooms; g) all records relating to any incident reports relating to the use of such rooms from January 1, 2011 to the present; and h) training records for staff of Eastmoor Academy relating to use of such rooms and use of PBIS (positive behavioral intervention supports).

20. On January 25, 2012, counsel for Defendant, Ms. Wanda Lillis, indicated in a phone call that there were no incident reports, and no logs related to the use of the seclusion rooms. She further indicated that CCS was not comfortable releasing the contact information for the parents/guardians of students with disabilities who had been placed in seclusion rooms nor with providing documents that would include the names of affected students. She indicated that the training materials would be provided by CCS to Plaintiff within a few days.

21. Plaintiff received a letter dated January 27, 2012, from Ms. Lillis with documents that did not include any reports or other information about incidences of the use of seclusion or the use of the seclusion rooms with specific students. The documents did include blank forms including a "quiet room" log. The documents also indicated that when seclusion rooms are used in a crisis, "accident/incident" reports must be filed with the "Multiple Disabilities Office."

22. Ms. Lillis' letter also referred to the use of "processing" rooms. At this time Plaintiff is unable to discern whether there are different types of rooms (variously referred to as "quiet," "processing," "seclusion") used to seclude students with disabilities.

23. On February 3, 2012, Plaintiff sent a letter to Defendant's counsel Ms. Lillis requesting copies of all "accident/incident" reports and "quiet room" logs and the names and contact information for students who have been placed in seclusion or processing rooms.

24. Based on information provided by Defendant, Plaintiff believes that a number of Defendant's schools, including four elementary buildings, have seclusion rooms.

25. Based on information provided by Defendant, Defendant has no oversight or review of the appropriateness of the use of seclusion on students with disabilities.

26. Defendant's manual allows the use of basket holds which have been banned in other treatment settings because this type of restraint restricts breathing and is dangerous. If Defendant's employees are using basket holds on students with disabilities, such students are at significant risk of physical harm or even death.

27. Based on information and belief, parents may not be aware of the characteristics of the seclusion rooms and may not be notified by CCS when their child has been placed in such a room and/or has been restrained.

28. Defendant has failed to provide the contact information for the parents and/or guardians of students with disabilities who have been placed in its seclusion rooms; or, in the alternative, documentation regarding specific incidents of seclusion, either with student names or with student names redacted.

29. On February 14, 2012, Plaintiff's investigator sent a request to Defendant for records of the student whose parent initiated the complaint to Plaintiff, along with a properly

5

executed authorization for release signed by the student's parent and legal guardian. Plaintiff reminded Defendant of the three business day requirement for providing the requested documents.

30. Defendant has failed to produce a copy of the student's records, even though the student's guardian gave written consent for the release.

31. As a result of Defendant's failure to produce documents, Plaintiff has been unable to carry out its mission to investigate allegations of possible abuse or neglect and to protect the rights of individuals with developmental disabilities.

## V. CAUSE OF ACTION

32. Plaintiff incorporates paragraphs 1 through 31 of this Complaint in this paragraph as if rewritten herein.

33. Plaintiff is entitled to access records of any individual with a developmental disability if the guardian of the individual has authorized the system to have access.

34. Plaintiff is entitled to access records of any individual with a developmental disability without consent of the guardian where the individual has a guardian and either a complaint has been received or, as a result of monitoring or other activities, there is probable cause to believe that the individual has been subjected to abuse or neglect; and further, the guardian has been contacted by the system upon receipt of the name and address of the guardian, the system has offered assistance and the guardian has failed or refused to act. 42 U.S.C. §15043(a)(2)(I)(i), (iii).

35. Plaintiff is entitled to receive copies of requested records not later three business days of the written request. 42 U.S.C. §15043(a)(2)(J)(i).

36. Because Plaintiff has been denied access to records, Defendant must, at a minimum, provide a written statement of reasons, including, in the case of a denial for alleged

lack of authorization, the name and address of the legal representative of an individual with developmental disabilities. 45 C.F.R. § 1386.22. Defendant has failed to comply with this requirement despite repeated written demands from the Plaintiff.

37. Because of Defendant's refusal to provide records and contact information for parents and/or guardians of students with disabilities who have been secluded by its staff, Plaintiff has been unable to investigate the complaint of a parent that her child and other students with disabilities are being harmed by Defendant's use of seclusion rooms.

38. Defendants' refusal to provide the requested records and information violates Plaintiff's statutory rights under the DD Act, 42 U.S.C. § 15043.

## VI.   NEED FOR RELIEF

39. Plaintiff has no remedy at law and will continue to suffer irreparable harm in the absence of injunctive relief. Without the requested relief, Plaintiff is unable to carry out its state and federal statutory duties to investigate complaints and conditions when it has probable cause.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter and act expeditiously because of the potential harm to individuals with disabilities as the result of Defendant's seclusion practices.

B. Issue a declaratory judgment that Plaintiff is entitled to the records and information it seeks under 42 U.S.C. § 15043 and that Defendant has violated 42 U.S.C. §15043 by its refusal to provide Plaintiff access to such records.

C. Issue an injunction enjoining Defendant from denying Plaintiff access to all of the students' records; information and documents listed in paragraphs 19 and 23, above; and any other information or documents requested during the course of Plaintiff's investigation, in accordance with 42 U.S.C. §15043.

7

D.	Provide such other relief as is just and equitable.

Respectfully submitted,

*Susan G. Tobin*

Trial Attorney for Plaintiff
Susan G. Tobin (0021725)
stobin@olrs.state.oh.us
Chief Legal Counsel
OHIO LEGAL RIGHTS SERVICE
50 W. Broad St., Suite 1400
Columbus, OH 43215
(614) 466-7264 - telephone
(614) 644-1888 - fax

8